UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
HILDA L. SOLIS                            *
SECRETARY OF LABOR,                       *
  United States Department of Labor,      *
                                          *
              Plaintiff,                  *
                                          *   CIVIL ACTION
         v.                               *
                                          *   FILE NO. 1:09-CV-10666
                                          *
PARTNERS HEALTHCARE                       *
  SYSTEM, INC.                            *
THE BRIGHAM AND WOMEN'S                   *
  HOSPITAL, INC.                          *
FAULKNER HOSPITAL, INC.                   *
THE GENERAL HOSPITAL                      *
  CORPORATION                             *
THE MCLEAN HOSPITAL                       *
  CORPORATION                             *
NORTH SHORE MEDICAL                       *
  CENTER, INC.                            *
NORTH SHORE PHYSICIANS                    *
  GROUP, INC.                             *
NEWTON-WELLESLEY HOSPITAL                 *
THE SPAULDING REHABILITATION              *
  HOSPITAL CORPORATION                    *
REHABILITATION HOSPITAL OF                *
  THE CAPE AND ISLANDS                    *
SHAUGHNESSY-KAPLAN                        *
  REHABILITATION HOSPITAL, INC.           *
PARTNERS HOME CARE, INC.                  *
PARTNERS PRIVATE CARE, INC.               *
FRC, INC.                                 *
PARTNERS COMMUNITY                        *
  HEALTHCARE, INC.                        *
                                          *
              Defendants.                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, has filed a Complaint alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act"). Defendants, Partners HealthCare System, Inc.; The Brigham and Women's Hospital, Inc.; Faulkner Hospital, Inc.; The General Hospital Corporation; The Mclean Hospital Corporation; North Shore Medical Center, Inc.; North Shore Physicians Group, Inc.; Newton-Wellesley Hospital; The Spaulding Rehabilitation Hospital Corporation; Rehabilitation Hospital of the Cape and Islands; Shaughnessy-Kaplan Rehabilitation Hospital, Inc.; Partners Home Care, Inc.; Partners Private Care, Inc.; FRC, Inc.; and Partners Community Healthcare, Inc.; acknowledge receipt of the Complaint and waive service thereof.

Prior to the filing of the Complaint, defendants voluntarily contacted Plaintiff and sought assistance to resolve potential violations of the FLSA. Defendants hereby appear by counsel and agree to the entry of this judgment without contest.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

I.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

## II.

Defendants shall not use this Consent Judgment as a defense to any action or part of any action relating to any issue other than the failure to aggregate hours worked for component parts of the parent entity, Partners HealthCare System, Inc., and as to the specific hours used to ascertain the back wages paid under this Consent Judgment.

## III.

Defendants have attested that they are aware of no pending or contemplated legal actions relating to the issue of failure to aggregate hours worked for component parts of its organization.

## IV.

Further, the Court finding as agreed to by the defendants that employees are due (1) compensation in the amount of $2,756,514.37 for the period from January 1, 2007 through March 21, 2009, as shown on attached "Exhibit A" which is incorporated in and made a part hereof (with the defendants agreeing to cooperate with plaintiff to resolve promptly any inadvertent errors or omissions in Exhibit A) and (2) additional amounts which defendants will compute using the agreed upon methodology representing the unpaid overtime compensation due to employees for work during the period from March 22, 2009 through August 1, 2009, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

The back-wage provisions of this judgment shall be deemed satisfied when, within fifteen (15) days of the entry of judgment, the defendants deliver to the persons listed in "Exhibit A"

attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes.

The defendants shall further provide plaintiff with copies of the payrolls or copies of the checks used to disburse the back wages and a statement attesting to the fact that such payment has been made.

Any back wage checks which cannot be distributed to the employees named in "Exhibit A," or to their estates if that be necessary, because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums, shall be consolidated into a single net check payable to "Wage and Hour Division - Labor." Such check shall then be forwarded immediately to plaintiff. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit such money with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _July 3,_ 2009

Defendants hereby consent to
the entry of this judgment.

PARTNERS HEALTHCARE SYSTEM, INC.
THE BRIGHAM AND WOMEN'S HOSPITAL, INC.
FAULKNER HOSPITAL, INC.
THE GENERAL HOSPITALCORPORATION
THE MCLEAN HOSPITAL CORPORATION
NORTH SHORE MEDICAL CENTER, INC.
NORTH SHORE PHYSICIANS GROUP, INC.
NEWTON-WELLESLEY HOSPITAL
THE SPAULDING REHABILITATION
  HOSPITAL CORPORATION
REHABILITATION HOSPITAL OF THE
  CAPE AND ISLANDS
SHAUGHNESSY-KAPLAN REHABILITATION
  HOSPITAL, INC.
PARTNERS HOME CARE, INC.
PARTNERS PRIVATE CARE, INC.
FRC, INC.
PARTNERS COMMUNITY HEALTHCARE, INC.

By their attorneys,

_Joan C. Stoddard_
Joan C. Stoddard
jstoddard@partners.org
Partners HealthCare System, Inc.
BBO # 481220
50 Staniford Street, 10th Floor
Boston, MA 02114
(617) 726-8625

Thomas S. Williamson, Jr.
twilliamson@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
(202) 662-6000

Attorneys for Defendants

Plaintiff moves for entry of
this judgment:

Carol A. De Deo
Deputy Solicitor for National Operations

John S. Casler
casler.john@DOL.GOV
Acting Regional Solicitor
BBO # 078060

_James Glickman_ BBO# 550777
James Glickman
Glickman.James@DOL.GOV
Senior Trial Attorney
BBO # 550777

U.S. Department of Labor
Attorneys for Plaintiff

5

So Ordered.

Signed this _____ day of _____ 2009.

```
                                         _____
                                         Honorable Nathaniel M. Gorton
```